# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY JOSHUA DAVIS, ) <br> ) <br> Petitioner, ) <br> ) <br> -vs- ) <br> ) <br> SCOTT CROW, ) <br> ) <br> Respondent. ) | Case No. CIV-22-162-F |

## **ORDER**

     Petitioner Jimmy Joshua Davis, a state prisoner appearing *pro se*, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks habeas relief based upon the Supreme Court's ruling in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). The court referred the matter to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). After examining the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Purcell issued a Report and Recommendation (doc. no. 8), recommending the court dismiss the petition without prejudice as untimely. Specifically, Magistrate Judge Purcell concluded the petition was untimely under 28 U.S.C. § 2244(d)(1), was not subject to statutory or equitable tolling, and the "actual innocence" exception did not apply.

     The court is in receipt of petitioner's objection to the Report and Recommendation (doc. no. 9), triggering a de novo review by the court. Having conducted that review, the court concurs with the cogent analysis of Magistrate Judge Purcell. The court need not repeat that analysis here. Petitioner's objection

is without merit.  The Tenth Circuit has previously rejected the argument that issues of subject matter jurisdiction are never waived and may be raised at any time.  *See*, Morales v. Jones, 417 Fed. Appx. 746, 749 (10th Cir. 2011) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause . . . As with any other habeas claim, it is subject to dismissal for untimeliness.") (citation and quotation marks omitted).  Moreover, even though the district court in Deerleader v. Crow, Case No. 20-CV-0172-JED-CDL, 2021 WL 150014 (N.D. Okla. Jan. 15, 2021), granted habeas relief on the claim that the State of Oklahoma lacked jurisdiction to enter a criminal judgment against petitioner in the District Court of Creek County because he was Native American and he committed the crimes for which he was convicted within the boundaries of the Muscogee (Creek) Nation Reservation, the timeliness of the § 2254 petition was not an issue in that case.  *Id*. at *2, n. 4.  Here, the timeliness of petitioner's § 2254 petition is an issue.  And petitioner has not shown that the recommended ruling of Magistrate Judge Purcell is in error.  The court therefore accepts, adopts, and affirms Magistrate Judge Purcell's Report and Recommendation.

      Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  The court's dismissal of petitioner's § 2254 petition as untimely is such an order.  *See*, *e.g.*, Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006).  Where the district court dismisses a petition on procedural grounds, such as in the instant case, a certificate of appealability may issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

484 (2000). Upon review, the court concludes that petitioner is not entitled to issuance of a certificate of appealability. A certificate of appealability is denied.

Accordingly, the Report and Recommendation (doc. no. 8) issued by United States Magistrate Judge Gary M. Purcell on March 2, 2022 is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. Petitioner Jimmy Joshua Davis's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** as untimely. A certificate of appealability is **DENIED**. Judgment shall issue separately.

IT IS SO ORDERED this 24th day of March, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0162p002.docx